UNITED STATES of America,
Plaintiff—Appellee,

v.

Corey QUAN, Defendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

Mitchell Chang, aka Fook,
Defendant—Appellant.

Nos. 01–10750, 02–10011.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 17, 2003.

Decided July 18, 2003.

Before: REINHARDT, SILER,* and HAWKINS, Circuit Judges.

MEMORANDUM **

We affirm defendant Quan's conviction for conspiracy and attempt to extort money in violation of the Hobbs Act, 18 U.S.C. § 1951. Quan waived his Speedy Trial Act challenge by withdrawing his motion to dismiss and proceeding to trial. *United States v. Brickey,* 289 F.3d 1144, 1150 (9th Cir.2002). Quan's claim that his counsel was ineffective for withdrawing the Speedy Trial Act motion is inappropriate for review on direct appeal. *See United States v. Sager,* 227 F.3d 1138, 1149 (9th Cir. 2000).

We also affirm defendant Chang's conviction. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found a sufficient

* Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

nexus between Chang's acts and interstate commerce, *see United States v. Atcheson,* 94 F.3d 1237, 1241 (9th Cir.1996), especially in light of the defendant's stipulation that the bar was purchasing alcohol from outside the state of California at all times relevant to the offense. *See United States v. Panaro,* 266 F.3d 939, 948 (9th Cir. 2001).

■ The district court did not abuse its discretion by permitting the victim to testify regarding her subjective fear, her belief that Chang was a member of the "Black Society," or her understanding of the significance of the delivery of a kumquat tree to the bar. Although the indictment was perhaps imperfectly worded, it was susceptible of the district court's interpretation as charging a completed extortion offense. The victim's testimony regarding her fear and her belief Chang was a gang member was therefore relevant. *See United States v. Marsh,* 26 F.3d 1496, 1501 (9th Cir. 1994); *Carbo v. United States,* 314 F.2d 718 (9th Cir.1963).[1] Because the delivery of the tree was itself perceived to be a demand for money, this was also directly relevant to the crimes charged.

■ We do, however, agree with Chang that the district court clearly erred in sentencing him. In denying Chang's request for a minor participant adjustment, the court obviously confused Chang and his co-defendant Quan, attributing some of Quan's conduct to Chang. This error precluded the court from adequately considering Chang's role in the entire offense or from accurately contrasting this to the role of others such as Quan. U.S.S.G. § 3B1.2. Accordingly, we vacate Chang's sentence and remand the case for resentencing.

We urge the district court to expedite Chang's resentencing.

Quan's conviction is AFFIRMED. Chang's conviction is AFFIRMED, but his sentence is VACATED and the case is REMANDED for resentencing.

---

1. The Black Society testimony was not unduly prejudicial, as there were only three references to the Society in the victim's testimony, and the government did not make any reference to this testimony in its closing argument.