888 So.2d 104 (2004)
Johnnie LAFLIPE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-9.
District Court of Appeal of Florida, Third District.
November 24, 2004.
*105 Clayton R. Kaeiser, Miami, for appellant.
Charles J. Crist, Jr., Attorney General, and Meredith L. Balo, Assistant Attorney General, for appellee.
Before LEVY, SHEVIN, and RAMIREZ, JJ.
RAMIREZ, J.
Johnnie Laflipe appeals from the trial court's final judgment of conviction and sentence, finding him guilty of one count of first-degree murder and one count of attempted first-degree murder. We affirm because none of Laflipe's three points on appeal have any merit.
First, we reject Laflipe's contention that the trial court erred in allowing Immacula Toussaint's testimony under an invalid excited utterance theory, in violation of Laflipe's Sixth Amendment right to confrontation. We review this ruling under the abuse of discretion standard. Damren v. State, 696 So.2d 709 (Fla.1997). The trial court allowed the statement by Phanuel Toussaint to his sister identifying Laflipe as the man who shot him. Although there was no definitive time regarding when Toussaint was shot and when he arrived at his home, he was still in an excited state after being shot where blood was coming out of his wound, he was moaning in pain, and he told his sister, Immacula, within minutes of coming home, the identity of his shooter. See Pope v. State, 679 So.2d 710 (Fla.1996); Henyard v. State, 689 So.2d 239 (Fla.1996). We find no abuse of discretion.
Laflipe next claims that the trial court erred in allowing irrelevant and excessively prejudicial testimony and arguments concerning his association with the "Zombie Boys" street gang. However, the record reflects that the trial court properly limited any testimony concerning the Zombie Boys gang, and Laflipe was not prejudiced by the admission of such testimony. The State never referred to the Zombie Boys as a gang. In addition, it was through Laflipe's own questioning of Immacula Toussaint on cross-examination that the jury heard that the Zombie Boys was a gang, when the defense asked her, "Your brother was not a member of the gang?" Furthermore, the trial court did not err in allowing testimony that Laflipe belonged to a group known as the Zombie Boys where it was relevant to show his motive for shooting Toussaint. See Reyes v. State, 783 So.2d 1129 (Fla. 3d DCA 2001) (gang evidence held relevant and admissible to prove motive at trial). Here, Laflipe's relationship with the Zombie *106 Boys was relevant to prove motive because the State's theory was that Laflipe shot Toussaint to avenge the shooting of another member of the Zombie Boys. Even if the reference to the Zombie Boys was error, it was harmless, based on the evidence introduced at trial. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Finally, with respect to Laflipe's claim that the trial court erred as a matter of law in denying his request to interview a trial juror following the verdict where Laflipe had reason to believe that the verdict might be subject to legal challenge based on juror misconduct, we disagree. The record reflects that the juror's allegations related to matters that she was influenced by the foreman, or that a fellow juror was influenced by another juror. Juror interviews are not permitted regarding any matter that inheres to the verdict and relates to jury deliberations. Devoney v. State, 717 So.2d 501 (Fla.1998). Thus, the trial court properly denied Laflipe's request to interview the juror in question where the allegations concerned matters which inhered in the verdict.
In conclusion, we affirm Laflipe's conviction and sentence, because the three points raised on appeal have no merit.
Affirmed.