932 So.2d 557 (2006)
David Gomez MILLAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-1152.
District Court of Appeal of Florida, Third District.
June 28, 2006.
Rene A. Sotorrio, Coral Gables, for appellant.
Charles J. Crist, Jr., Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
*558 Before COPE, C.J., and GERSTEN and GREEN, JJ.
COPE, C.J.
David Gomez Millan appeals his conviction for second degree murder. We affirm.
Defendant-appellant Millan and a codefendant, Miguel Valdez, were charged with first degree murder of Roland Pastor. They were tried before separate juries.
The defendant admitted that he had stabbed the victim to death, but contended that he did so in self-defense. After a two-week trial the jury found the defendant guilty of second degree murder, as a lesser included offense. The defendant has appealed.
The defendant contends that the trial court erred by admitting evidence of the defendant's gang membership and activities. We conclude that the evidence was admissible.
The victim in this case was found to have an emblem of the Latin Kings gang carved on his forehead. According to the medical examiner, this was cut into the victim's forehead with a cutting instrument at or around the time of the victim's death.
The defendant was the head of the Latin Kings gang in Florida. The codefendant was a member of the gang. The killing took place in the defendant's home. Although the defendant's claim was self-defense, he did not call the police. Instead, he and a codefendant dumped the body elsewhere.
The State filed a notice of intent to rely on evidence of other crimes, wrongs, or acts ("the Williams[1] rule notice"). The proposed evidence was that the defendant and codefendant were active members of the Latin Kings gang, an explanation of what the gang was, and an explanation of the markings carved on the victim's forehead and the significance thereof. The trial court allowed the evidence, over defense objection.
The trial court's evidentiary ruling was well within its discretion. "[I]n some contexts, evidence of gang membership may be admissible to explain such disputed or unclear issues in the case as premeditation, motive or intent." Reyes v. State, 783 So.2d 1129, 1136 (Fla. 3d DCA 2001); see Laflipe v. State, 888 So.2d 104 (Fla. 3d DCA 2004).
Carving a gang insignia on the forehead of the dead or dying victim is inconsistent with the idea that the defendant killed the victim in self-defense. The expert testimony was that the exact symbol used, the Latin Kings' initials plus a downturned pitchfork is a sign of disrespect of the victim. The evidence was admissible on the issue of premeditation and intent, and to rebut the claim of self-defense.
The defendant argues that reversal is required because during the testimony of the gang experts, the experts on approximately five occasions mentioned that the Latin Kings gang engaged in criminal conduct which was unrelated to the charges against the defendants in this case. There was no contemporaneous objection to the comments the defendant cites in his brief. Thus, that issue is not preserved for appellate review. See Anderson v. State, 863 So.2d 169, 181 (Fla. 2003); § 924.051(1)(b), (3), Fla. Stat. (2002).
The defendant argues that the court erred by allowing, over objection, evidence *559 that a cooperating witness, a prison inmate, had been beaten by other inmates who are members of the Latin Kings gang. The defense argues that the evidence of these beatings was not tied to the defendant, and was therefore inadmissible on the issue of the defendant's guilt. See Koon v. State, 513 So.2d 1253, 1256 (Fla. 1987); Lopez v. State, 716 So.2d 301, 307 (Fla. 3d DCA 1998).
The State offered the evidence on the theory that it was permissible anticipatory rehabilitation. See Bell v. State, 491 So.2d 537, 538 (Fla.1986). The State argued in substance that it should be allowed to anticipate that on cross-examination the defense would attempt to impeach the witness by suggesting that his cooperation was part of his obligations under his favorable plea agreement. The State wished to counter that claim of pro-state bias by arguing that the witness had been severely beaten by gang members while in prison, currently was in protective custody, and was testifying at some risk to himself.
It appears that this testimony was not permissible on account of Ponticelli v. State, 593 So.2d 483 (Fla.1991), vacated on other grounds, 506 U.S. 802, 113 S.Ct. 32, 121 L.Ed.2d 5 (1992). In that case an inmate, Freeman, was testifying for the State. Over objection, the witness was allowed to testify that it was dangerous for him to be in court testifying. Id. at 489. The court held that the testimony should not have been admitted, stating:
Ponticelli is correct that threats made against a witness are inadmissible to prove guilt unless the threats are shown to be attributable to the defendant. Koon v. State, 513 So.2d 1253 (Fla.1987), cert. denied, 485 U.S. 943, 108 S.Ct. 1124, 99 L.Ed.2d 284 (1988); Duke v. State, 106 Fla. 205, 142 So. 886 (1932). However, the state maintains that the testimony was not offered to prove guilt but was offered as anticipatory rehabilitation under this Court's decision in Bell v. State, 491 So.2d 537 (Fla.1986). See Koon v. State, 513 So.2d at 1256 ("The fact that a witness has been threatened with respect to his testimony may bear on his credibility regardless of who made the threat.").
While we reject the state's contention that eliciting testimony from a witness on direct examination that he is testifying for the state despite possible reprisals from other inmates because he feels it is "morally right" is proper anticipatory rehabilitation, we find any error in admitting this testimony harmless. Cf. State v. Price, 491 So.2d 536 (Fla.1986) (testimony concerning third-party threats may be deemed so prejudicial as to require its exclusion even where it would otherwise be properly admissible under a recognized theory of evidence). Freeman's testimony did not concern actual threats that jurors could have reasonably inferred to have been encouraged by Ponticelli. Further, it is clear from the testimony that Freeman feared reprisals from the general inmate population, a fear which is typical of any inmate who testifies on behalf of the state and is less likely to lead to the improper inference that possible reprisals are somehow attributable to the defendant.
Id. (emphasis added).
In this case the prosecutor was allowed to ask the witness "how many times have you been moved in the correctional institution for being involved in physical altercations with Latin Kings?", as well as follow-up questions. Since the jury had been told that the defendant was the head of the Latin Kings gang in Florida, the jury was likely to draw the conclusion that the defendant was responsible for those altercations. *560 Under the logic of Ponticelli, the testimony was inadmissible.
We conclude, however, that the testimony was harmless beyond a reasonable doubt. In this case the defendant admitted that he had killed the victim but argued self defense. He gave a lengthy statement to the police. In his description of the events, he said that the victim reached for a knife but he (the defendant) grabbed it first. Once the defendant grabbed the knife, the victim was unarmed. The defendant then stabbed the unarmed victim.
The medical examiner testified that the victim was stabbed several times, beaten with a bat and tire iron, and had his throat slit. While the victim was dead or dying, the Latin Kings' insignia was carved into the victim's forehead. The medical evidence and the defendant's own account are inconsistent with any theory of self defense. Under the circumstances present here, the error was harmless.
The defendant requests a new trial on account of several statements made by the prosecution during closing argument. Most of the statements cited by the defense were not objected to, and do not amount to fundamental error. See Wilchcombe v. State, 842 So.2d 198, 200 (Fla. 3d DCA 2003). We find no error in the trial court's rulings in those instances in which the defense did object.
Affirmed.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.1959), codified as subsection 90.404(2), Fla. Stat. (2002).