996 So.2d 228 (2008)
Percival C. FERRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D08-0437.
District Court of Appeal of Florida, First District.
October 22, 2008.
Rehearing Denied December 8, 2008.
Percival C. Ferris, pro se, Appellant.
Bill McCollum, Attorney General, and Philip W. Edwards, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant seeks review of the trial court's order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 in which he raises four claims. We affirm the denial of appellant's final three claims without further comment. However, because appellant's initial claim is facially insufficient, we reverse the trial court's summary denial of the claim in order to provide appellant the opportunity to amend.
Appellant claims that his attorney was ineffective in failing to object to a defective information. Specifically, he argues that his information is vague and fails to set forth the elements of his crime. His claim is facially insufficient in that he fails to allege any circumstances under which the state would have been unable to file an amended information. See Sampson v. State, 793 So.2d 149 (Fla. 2d DCA 2001) (holding that a claim of ineffective assistance of counsel for failure to object to a *229 defective information was facially insufficient in light of appellant's failure to allege any circumstances which would have prevented the state from filing an amended information). In accordance with Spera v. State, 971 So.2d 754 (Fla.2007), we reverse and remand for the trial court to allow appellant the opportunity to amend his facially insufficient claim within a reasonable period of time. The trial court did not deny the claim on the basis of facial insufficiency, and, as such, the appellant could not have been aware of the application of Spera to this issue. Cf. Watson v. State, 975 So.2d 572 (Fla. 1st DCA 2008) (holding that an appellant who seeks review of a denial of rule 3.850 motion and files an initial brief without addressing Spera, waives any claim he may have had under Spera).
AFFIRMED in part, and REVERSED and REMANDED, in part.
KAHN, VAN NORTWICK and PADOVANO, JJ., concur.