WELLS, Judge.
 

 David Millan appeals from an order denying his timely Florida Rule of Criminal Procedure 3.850 motion and its supplement in which he raised six ineffective assistance of counsel claims. As to all, we affirm.
 

 Millan was convicted of the second degree murder of Roland Pastor. Millan admitted stabbing Pastor to death, but contended that he did so in self defense. Millan’s conviction was affirmed in
 
 Millan v. State,
 
 932 So.2d 557 (Fla. 3d DCA 2006), in which this court recited the facts pertinent here as follows:
 

 In this case the defendant admitted that he had killed the victim but argued self defense. He gave a lengthy statement to the police. In his description of the events he said that the victim reached for a knife but he (the defendant) grabbed it first. Once the defendant grabbed the knife, the victim was unarmed. The defendant then stabbed the unarmed victim.
 

 The medical examiner testified that the victim was stabbed several times, beaten with a bat and tire iron, and had his throat slit. While the victim was dead or dying, the Latin Kings’ insignia was carved into the victim’s forehead. The medical evidence and the defendant’s own account are inconsistent with any theory of self defense....
 

 Id.
 
 at 560.
 

 Millan’s post-appeal 3.850 motion and its supplement claim that defense counsel was ineffective because he failed to (1) call Pastor’s mother as a witness to testify that
 
 *696
 
 “Pastor had a propensity for both violent and criminal behavior,” testimony that purportedly would support Millan’s claim of self defense; (2) either hire an independent medical expert or alternatively to call Dr. Ray Fernandez, the second of three medical examiners who examined Pastor’s body and who purportedly contrary to the other two medical examiners who examined Pastor’s body, determined that Pastor sustained blunt force trauma to his forehead (which would be inconsistent with the testimony of the other two MEs who testified that Pastor sustained an incised wound consistent with a determination that gang insignia had been carved into Pastor’s forehead); (8) provide competent advice by convincing Millan to reject a fifteen year plea offer by telling him “all the State has is a domestic dispute gone bad, and you were forced to defend yourself. Self-defense is pretty obvious, and we can prove it”; (4) object to a number of statements made by the State in closing, mostly relating to gang activity; (5) request a limiting instruction on
 
 “Williams
 
 Rule”
 
 [1]
 
 evidence; and (6) object to purportedly misleading and confusing jury instructions.
 

 The court below rejected claims one through five without an evidentiary hearing. Claim six was rejected following an evidentiary hearing. Because the record below fully supports the trial court’s order rejecting these claims, we affirm.
 

 As to claims one, two and five, the second or prejudice prong of
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), was not met. Specifically, to satisfy this prong Millan had to demonstrate that but for counsel’s unprofessional failure to call either Pastor’s mother or Dr. Fernandez (the medical examiner who said Pastor’s head injuries were caused by blunt force trauma), and his failure to request a limiting instruction regarding gang evidence, the outcome of his trial would have been different. No such claim was asserted in Millan’s motion. Indeed on the record before us, no such claim could have been made.
 

 Millan’s third claim is also legally insufficient. Advising a client to reject a plea offer because counsel believes that he or she “could win at trial,” alone does not establish a legally sufficient ineffective assistance of counsel claim. Rather, to state a legally sufficient claim on such grounds some specific deficiency on the part of counsel must be alleged, that is, that “counsel’s assessment of the chances of success at trial was unreasonable under the circumstances of this case or that counsel had not investigated or otherwise was not familiar with the case.”
 
 Garcia v. State,
 
 21 So.3d 30, 34 (Fla. 3d DCA 2009) (citing
 
 Morgan v. State,
 
 991 So.2d 835, 841 (Fla.2008)). No such assertions exist here.
 

 Millan’s fourth claim also was properly rejected. In
 
 Millan,
 
 932 So.2d at 560, this court rejected Millan’s request for a new trial because of the same purportedly improper statements, mostly concerning gang activity, made by the prosecution during closing argument. In doing so, we noted that while most of these statements were not objected to, they did “not amount to fundamental error.” This determination precludes consideration of this issue in this post-conviction motion.
 
 See Chandler v. State,
 
 848 So.2d 1031, 1046 (Fla.2003) (stating that “[b]ecause [the defendant] could not show the [prose-cutorial] comments [complained about] were fundamental error on direct appeal, he likewise cannot show that trial counsel’s failure to object to the comments
 
 *697
 
 resulted in prejudice sufficient to undermine the outcome of the case under the prejudice prong of the
 
 Strickland [v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 466 U.S. 668 (1984) ] test”)
 

 Finally, as to Millan’s sixth claim, a review of the transcript of the evidentiary hearing held below on this claim confirms that counsel’s performance was not defective in any manner as to the jury instructions. The instructions read to the jury were consistent with the written instructions and in no manner confusing.
 

 Accordingly, the orders on review are in all respects affirmed.
 

 [1]
 

 .
 
 Williams v. State,
 
 110 So.2d 654 (Fla.1959).