IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

EARL LEE SUTTON, JR.,

      Appellant,

 v.                                                                    Case No.  5D16-600

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed September 23, 2016

3.850 Appeal from the Circuit Court
for Volusia County,
Raul A. Zambrano, Judge.

Earl Lee Sutton, Jr., Carrabelle, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Lori N. Hagan, Assistant
Attorney General, Daytona Beach, for
Appellee.


PER CURIAM.

Appellant challenges the summary denial of his Florida Rule of Criminal Procedure

3.850 motion alleging ineffective assistance of counsel.  We affirm the order as to grounds

two, three, five and six without further discussion.  We reverse as to grounds one and four

because the portion of the records attached fails to conclusively negate the alleged

ineffectiveness of trial counsel.

As to ground one, the trial court denied Appellant's claim of ineffectiveness of trial counsel for failure to object and move for mistrial concerning statements made during the State's opening statement. The trial court concluded that the claim was procedurally barred because it was not raised on direct appeal. This was error. *See Franqui v. State,* 59 So. 3d 82, 96 (Fla. 2011) ("[A] claim of ineffectiveness [of trial counsel] generally can be raised in a rule 3.850 motion but not on direct appeal."). On remand, the trial court shall address the merits of this ground.

As for ground four, the record does not conclusively negate the allegation that counsel was deficient in advising Appellant not to testify. *See Simon v. State,* 47 So. 3d 883, 885 (Fla. 3d DCA 2010) (in addition to determining whether defendant voluntarily agreed with counsel not to testify, court must also address whether counsel's advice not to testify was deficient because no reasonable attorney would give such advice).

On remand, the trial court shall either attach portions of the record to negate grounds one and four or hold an evidentiary hearing.

AFFIRMED in part, REVERSED in part, and REMANDED.


TORPY, BERGER and WALLIS, JJ., concur.