IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SOPHIA L. LAMB,

      Appellant,

v.                                               Case No. 5D16-2254

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed October 14, 2016

3.850 Appeal from the Circuit Court
for Brevard County,
Charles J. Roberts, Judge.

Sophia L. Lamb, Ocala, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marjorie Vincent-Tripp,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

Sophia Lamb appeals the summary denial of her motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Lamb alleged six claims in her motion. For the following reasons, we reverse the part of the postconviction court's order which denied claim six and remand to allow Lamb an opportunity to amend this claim. We affirm, without further discussion, the court's summary denial of claims one through five.

Following a jury trial, Lamb was convicted of first-degree murder with a firearm, burglary of a dwelling with a firearm, robbery with a firearm, and three counts of aggravated assault. Lamb was sentenced to serve separate life sentences in prison for the murder, burglary, and robbery convictions and five years in prison for each aggravated assault conviction, with all sentences running concurrently. We affirmed Lamb's convictions and sentences without opinion. *Lamb v. State*, 134 So. 3d 475 (Fla. 5th DCA 2014).

In claim six of her sworn postconviction motion, Lamb alleged that the State had tendered to her a plea offer which would have allowed her to withdraw her not guilty plea to first-degree murder and to thereafter plead guilty to the lesser charge of manslaughter, with an agreed sentence of fifteen years in prison.[1] Lamb asserted that her trial counsel advised her to reject the State's offer, "promising" Lamb that "they would win at trial" and there would be no conviction because "there was no physical evidence linking her to the crime." Lamb further alleged that she rejected the State's offer based solely on counsel's advice and that, but for this advice, she would have accepted the offer, the prosecutor would not have withdrawn the offer, and the court would have accepted the parties' plea agreement.[2] *See Alcorn v. State*, 121 So. 3d 419, 432 (Fla. 2013). Lastly, Lamb averred that she was clearly prejudiced by relying on counsel's advice, having received a life sentence following trial.

---

[1] There is no specific indication in the record as to the disposition of the other five counts if Lamb had accepted this fifteen-year offer. However, it appears that Lamb's time in prison on all counts would not have exceeded fifteen years.

[2] These assertions are supported by the fact that the fifteen-year offer was presented to Lamb at the commencement of trial and that her codefendant was sentenced to serve fifteen years in prison for manslaughter pursuant to a similar plea agreement, apparently by the same trial judge.

2

The postconviction court denied claim six of Lamb's motion for two reasons. First, after reviewing the transcript of the court's colloquy with Lamb regarding the fifteen-year plea offer, the court found that Lamb's rejection of the offer was made "freely, voluntarily, knowingly, and intelligently" and after consultation with counsel. Second, citing to *Millan v. State*, 55 So. 3d 694, 696 (Fla. 3d DCA 2011), the court concluded that Lamb's claim that counsel's advice to reject a plea offer based upon counsel's belief that he "could win at trial" was legally insufficient to establish ineffective assistance of counsel, absent Lamb pleading some specific deficiency in the performance of counsel.

"A claim that misinformation supplied by counsel induced a defendant to reject a favorable plea offer can constitute actionable ineffective assistance of counsel." *Colon v. State*, 909 So. 2d 484, 490 (Fla. 5th DCA 2005) (quoting *Steel v. State*, 684 So. 2d 290, 291 (Fla. 4th DCA 1996) (additional citations omitted)). However, "[t]o uphold the trial court's summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record." *Foster v. State*, 810 So. 2d 910, 914 (Fla. 2002) (quoting *Peede v. State*, 748 So. 2d 253, 257 (Fla. 1999)).

We agree with the postconviction court that claim six of Lamb's motion is facially insufficient. For example, there are no allegations that counsel's assessment of the chances of success at trial was unreasonable under the facts and circumstances of the case or that counsel had not investigated or was otherwise not familiar with the case. *See Morgan v. State*, 991 So. 2d 835, 841 (Fla. 2008) (finding that a defendant's claim of ineffective assistance based on counsel's advice to reject a plea offer is facially insufficient absent specific allegations of deficiency in counsel's performance, such as a failure to investigate or otherwise become familiar with the case or that counsel's assessment of the likelihood for success at trial was unreasonable based on the facts of

3

the case) *receded from on other grounds by Alcorn*, 121 So. 3d 419; *Garcia v. State*, 21 So. 3d 30, 31–32 (Fla. 3d DCA 2009) (same). Nevertheless, we reverse the lower court's summary dismissal of this claim.

A defendant who has filed a legally insufficient rule 3.850 motion must be given at least one opportunity to correct the deficiency, unless it is apparent that the defect cannot be corrected. *Luckey v. State*, 979 So. 2d 353, 355 (Fla. 5th DCA 2008) (citing *Spera v. State*, 971 So. 2d 754 (Fla. 2007)); Fla. R. Crim. P. 3.850(f). Because Lamb had not previously sought or been given leave to amend her rule 3.850 motion and since the pleading deficiency in claim six may be correctable, she should be given the chance to do so. Therefore, we reverse the summary denial and remand with directions that the trial court provide Lamb with sixty days to amend claim six of her motion, if, in good faith, she can amend it.[3]

AFFIRMED in part; REVERSED in part; and REMANDED.

SAWAYA and COHEN, JJ., concur.
LAMBERT, J., concurs and concurs specially, with opinion.

---

[3] As to the first reason given by the postconviction court for denying ground six of Lamb's motion, we conclude that the transcript of the colloquy attached to the denial order did not conclusively refute Lamb's argument that she rejected the plea offer because counsel had promised her that she would be acquitted at trial. On remand, if Lamb files her amended motion and the court again summarily denies claim six, it would need to attach additional court records to its order to support the denial. Otherwise, the court must hold an evidentiary hearing. If Lamb fails to file her motion, then the postconviction court may thereafter enter a final order denying the facially insufficient claim with prejudice. *See Prevost v. State*, 972 So. 2d 274, 275 (Fla. 1st DCA 2008).

4

LAMBERT, J., concurring and concurring specially.                    5D16-2254

I concur with the majority opinion that because claim six of Lamb's motion was facially insufficient, she should be given at least one opportunity to correct any deficiencies. Assuming that Lamb is able to amend her motion and the postconviction court thereafter sets an evidentiary hearing on the amended motion, the burden will be on Lamb at the hearing to present evidence necessary to prove her allegations and that she is entitled to postconviction relief, based upon the ineffective assistance of her counsel. *See Stewart v. State*, 459 So. 2d 426, 427 (Fla. 1st DCA 1984); Fla. R. Crim. P. 3.850(f)(8)(B). I frankly question why any trial counsel, especially one as experienced as Lamb's trial counsel, would "promise" a defendant that he or she would be acquitted at trial and, therefore, should reject a very favorable plea offer from the State, especially when the client is facing a mandatory life sentence in prison if convicted of first-degree murder. Nevertheless, it is for the trial judge to consider the testimony of Lamb, her trial counsel, and, for that matter, any other witness at the evidentiary hearing and make credibility determinations and findings of fact regarding the existence of this alleged promise. *See Shere v. State*, 742 So. 2d 215, 218 n.8 (Fla. 1999) (stating that the role of the trial judge in a postconviction motion evidentiary hearing is to make credibility determinations and findings of fact); *Moore v. State*, 458 So. 2d 61 (Fla. 3d DCA 1984) (recognizing that at a rule 3.850 evidentiary hearing the trial court is entitled to reject the defendant's testimony in favor of the conflicting testimony of trial counsel).

5