IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STEPHEN ELLIOT DRAKUS,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3398

Opinion filed June 1, 2017.

An appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

Stephen Elliot Drakus, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Appellant challenges the circuit court's summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedural 3.850. Appellant raised 7 grounds in his motion. We find that the court erred in summarily denying ground 1 because it was not conclusively refuted by the record; however, we also find that claim was legally insufficient. Thus, we reverse and

remand for the circuit court to allow appellant the opportunity to amend ground 1. We affirm the denial of the remaining claims.

"We review the summary denial of claims for postconviction relief to determine whether the claims are legally sufficient and whether they are conclusively refuted by the record." Griggs v. State, 995 So. 2d 994, 995 (Fla. 1st DCA 2008).

In ground 1 of his motion, appellant alleged that counsel was ineffective for advising him to reject a 15-year plea offer because counsel was certain that a newly assigned prosecutor would offer a better deal. However, the new prosecutor did not. Appellant asserted that but for counsel's advice, he would have accepted the 15-year plea offer and the trial court would not have rejected the plea offer.

The postconviction court found this claim was conclusively refuted by 3 statements made by appellant and his counsel during a pre-trial hearing. In the first two statements, appellant said that he was fully prepared to proceed to trial, and there was nothing else he wanted his lawyer to do to ensure they were both ready for trial. In the third statement, defense counsel stated that she had communicated all plea offers to appellant, explaining that "[t]here have not been any [offers] for some time. Back when the [prior prosecutor] had the case [] the State [] made a 15 year plea offer, which . . . [appellant] did not wish to accept at that time." The court found these statements demonstrated that the "decision to reject the offer was

2

solely [appellant's]" and that appellant "made no objection to the matter being set for trial."

None of these statements conclusively refute, or even address, appellant's claim that he rejected the 15-year plea offer due to counsel's advice that a better offer would be forthcoming. The first two statements merely established that appellant and his counsel were prepared for trial. In the third statement, counsel confirmed that appellant rejected the 15-year plea offer, but did not state why.

It is also unclear why the postconviction court believed appellant's claim of ineffective assistance was refuted by appellant's failure to object to going to trial. It is not apparent on what grounds the court believed that appellant could have objected. Perhaps the postconviction court believed that if appellant still wanted to accept the 15-year plea deal, he should have stated so at that time. However, there is no indication in the record that the offer was still on the table. Defense counsel implied the opposite by stating that there "have not been any [offers] for some time." Thus, the record does not conclusively refute appellant's claim of ineffective assistance of counsel, and the postconviction court erred in summarily denying this claim.

However, although not addressed by the postconviction court, appellant's claim was facially insufficient.

> [C]oncerning ineffective assistance of counsel claims in which the
> defendant rejected a plea offer based on misadvice. . . . in order to

show prejudice, the defendant must demonstrate a reasonable probability, defined as a probability sufficient to undermine confidence in the outcome, that (1) he or she would have accepted the offer had counsel advised the defendant correctly, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Alcorn v. State, 121 So. 3d 419, 422 (Fla. 2013) (internal citations omitted).

"'A claim that misinformation supplied by counsel induced a defendant to reject a favorable plea offer can constitute an actionable ineffective assistance of counsel claim.'" Hauter v. State, 206 So. 3d 839, 840 (Fla. 5th DCA 2016) (quoting Lamb v. State, 202 So. 3d 118, 120 (Fla. 5th DCA 2016)). However, the defendant must allege that counsel's advice was deficient. Id.

In Morgan v. State, 991 So. 2d 835, 841 (Fla. 2008), the supreme court held a claim that counsel was ineffective for advising the defendant to reject a plea offer because counsel was confident that she could win at trial was insufficient, reasoning "[t]he mere fact that [the defendant] did not prevail at trial does not translate into misadvice. Some specific deficiency on the part of counsel must be alleged." Id., receded from on other grounds by Alcorn, 121 So. 2d 2119. In Morgan, there was "no allegation that counsel's assessment of the chances of success at trial was unreasonable under the facts and circumstances of this case or that counsel had not investigated or otherwise was not familiar with the case." Morgan, 991 So. 2d at 841. Thus, the claim was insufficient. Id.

4

Similarly here, appellant has failed to allege that counsel's advice was deficient. He fails to allege that counsel's confidence that appellant would receive a lower plea offer from the newly appointed prosecutor was unreasonable, or that counsel had not investigated or was not otherwise familiar with the case. Thus, appellant failed to sufficiently allege deficient performance.

Additionally, appellant also failed to allege the second Alcorn prejudice factor – that the State would not have withdrawn the offer. As such, this claim is facially insufficient.

When a defendant's initial rule 3.850 motion alleging ineffective assistance of counsel is found to be legally insufficient, the defendant should be given at least one opportunity to amend the motion. Spera v. State, 971 So. 2d 754, 761 (Fla. 2007); Ferris v. State, 996 So. 2d 228, 229 (Fla. 1st DCA 2008).

As such, we reverse that portion of the order that denied ground 1 as being refuted by the record with instructions that the postconviction court allow appellant to amend ground 1 to state a facially sufficient claim within a reasonable period of time. As to all other claims, we affirm.

AFFIRMED in part; REVERSED in part; REMANDED.

ROBERTS, C.J., WOLF and THOMAS, JJ., CONCUR.