IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JUAN PANTOJA,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D17-430

_____/

Opinion filed September 5, 2017.

An appeal from the Circuit Court for Gadsden County.
Barbara K. Hobbs, Judge.

Juan Pantoja, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      Appellant, Juan Pantoja, who was convicted of sexual battery on a child under twelve by a defendant less than eighteen and lewd or lascivious molestation of a

child under twelve by a defendant eighteen or older seeks review of two orders denying three of his postconviction claims that were filed pursuant to Florida Rule of Criminal Procedure 3.850. For the following reasons, we reverse the orders on appeal and remand for further proceedings as set forth herein.

In Ground 1, Appellant alleged that trial counsel was ineffective by advising him to reject a twenty-year plea offer. The postconviction court summarily denied the claim, finding that it was conclusively refuted by the record. While we disagree that the record refutes the claim, summary denial of Ground 1 was proper given that the claim was facially insufficient. See Morgan v. State, 991 So. 2d 835, 840 (Fla. 2008) (holding that the appellant's claim that trial counsel was ineffective in advising him to reject a plea offer because counsel felt she could win at trial was facially insufficient where the appellant failed to allege some specific deficiency on counsel's part), *receded from on other grounds in* Alcorn v. State, 121 So. 3d 419, 422 (Fla. 2013); see also Drakus v. State, 219 So. 3d 979, 982 (Fla. 1st DCA 2017) (reversing the portion of the trial court's order summarily denying the appellant's claim that trial counsel was ineffective for advising him to reject a fifteen-year plea offer because counsel was certain that a newly assigned prosecutor would offer a better deal, not because the claim was conclusively refuted by the record as found by the trial court, but because the claim was facially insufficient). On remand, Appellant should be given the opportunity to amend his claim within a reasonable

period of time. See Spera v. State, 971 So. 2d 754, 761 (Fla. 2007) (holding that a defendant who files a legally insufficient 3.850 motion for failing to meet pleading requirements should be allowed at least one opportunity to amend the motion). Because the postconviction court did not deny relief on Ground 1 based upon facial insufficiency, Appellant's failure to raise Spera on appeal does not foreclose reversal on this basis. See Ferris v. State, 996 So. 2d 228, 229 (Fla. 1st DCA 2008) ("The trial court did not deny the claim on the basis of facial insufficiency, and, as such, the appellant could not have been aware of the application of *Spera* to this issue.").

Turning to Ground 3, in which Appellant alleged that trial counsel was ineffective in failing to alert the trial court that a juror was sleeping during critical testimony, the postconviction court denied relief following an evidentiary hearing. In doing so, the postconviction court relied in part upon the "court's file" in finding that trial counsel alerted the trial court of the situation and that the juror at issue represented that he was listening with his head down. However, no portion of the record was attached to the trial court's order addressing Ground 3. Nor is that portion of the trial transcript contained anywhere else in the record on appeal. We, therefore, reverse as to Ground 3 and remand for the postconviction court to attach that portion of the record to its order showing that relief as to Ground 3 was properly denied. See Reynolds v. State, 99 So. 3d 459, 486 (Fla. 2012) (noting that a postconviction court's factual findings made following an evidentiary hearing are

3

reviewed under the competent, substantial evidence standard of review).

With respect to Ground 4, in which Appellant alleged that trial counsel was ineffective in failing to object to an erroneous jury instruction, the postconviction court summarily denied the claim, finding that the issue was "specifically raised" during the sentencing hearing. We disagree. While the portion of the sentencing hearing attached to the postconviction court's order showed that trial counsel argued that the jury returned inconsistent verdicts, there are no record attachments showing what instructions were read to the jury and whether trial counsel objected to some lesser included offenses but not others. We, therefore, reverse as to Ground 4 and remand for the postconviction court to either attach to its order portions of the record that conclusively refute Appellant's claim or conduct an evidentiary hearing. See McLin v. State, 827 So. 2d 948, 954 (Fla. 2002) (explaining that to uphold the summary denial of a postconviction claim, the claim must either be facially invalid or conclusively refuted by the record).

REVERSED and REMANDED for further proceedings.

LEWIS, RAY, and JAY, JJ., CONCUR.