IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ROBERT HUGHES HARRIS,

      Appellant,

 v.                                      Case No.  5D17-3587

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 23, 2018

3.850 Appeal from the Circuit Court
for Orange County,
Leticia J. Marques, Judge.

Robert Hughes Harris, Raiford, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrea K. Totten,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Robert Harris appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm as to Grounds Two, Four, Five, Six, Seven, and Eight. However, because the record does not conclusively refute Harris's sufficiently pled claim that counsel was ineffective for failing to ask for an alibi instruction, we reverse the summary denial of Ground One and remand for

attachment of portions of the record conclusively refuting this claim or for an evidentiary hearing. See Freeman v. State, 761 So. 2d 1055, 1061 (Fla. 2000) ("[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient." (citing Maharaj v. State, 684 So. 2d 726 (Fla. 1996))). We also reverse the summary denial of Ground Three, regarding counsel's alleged misleading advice on Harris's right to testify, and remand for an evidentiary hearing. Simon v. State, 47 So. 3d 883, 886 (Fla. 3d DCA 2010) (concluding evidentiary hearing is usually necessary to determine whether counsel's advice not to testify is deficient).

AFFIRMED in part, REVERSED in part, and REMANDED.

BERGER, LAMBERT and EISNAUGLE, JJ., concur