LAMBERT, J.
Joshuwa Hodges appeals an order summarily denying his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. We affirm the denial of grounds one, two, and three of the motion without further discussion. For the following reasons, we reverse that part of the order that denied ground four and remand for further proceedings.
Following a jury trial, Hodges was convicted of robbery with a firearm and was sentenced by the trial court to serve fifteen years in prison. On direct appeal, we affirmed Hodges's conviction and sentence without opinion. Hodges v. State , 225 So.3d 833 (Fla. 5th DCA 2017).
In ground four of his sworn postconviction motion, Hodges alleged that his trial counsel provided ineffective assistance when he "misadvised" Hodges not to testify at trial. Hodges asserted that his testimony would have refuted the State's theory of his guilt "in this circumstantial case," and he set forth in his motion the specific facts he would have provided at trial that he claims would have "explained the lack of physical evidence" that "tie[d] him to the crime." In summarily denying this ground, the postconviction court attached to its order a copy of the transcript of the colloquy between the trial court and Hodges about his decision not to testify. The postconviction court concluded that Hodges's decision to not testify was made freely and voluntarily and that prior to making this decision, Hodges had been informed that the jury could be made aware of his prior felony conviction, but not the specifics of the conviction, if he testified.
Initially, the postconviction court correctly determined that the record conclusively established that Hodges freely and voluntarily waived his right to testify. However, the dispositive question left unanswered here is whether counsel's advice to Hodges not to testify, even though voluntarily followed, was nevertheless deficient because no reasonable attorney would have discouraged him from testifying. See Lott v. State , 931 So.2d 807, 819 (Fla. 2006) ; Sutton v. State , 200 So.3d 235, 236 (Fla. 5th DCA 2016) (citing Simon v. State , 47 So.3d 883, 885 (Fla. 3d DCA 2010) ).
As stated, Hodges alleged that his counsel's advice that he not take the stand was deficient because his testimony was necessary to refute the State's circumstantial evidence that Hodges committed the robbery. Hodges further alleged that he was prejudiced by counsel's advice because he likely would have been acquitted if he had testified, even though the jury may have learned of his prior felony conviction. The court records attached to the denial order do not conclusively refute whether, under the circumstances, a reasonable attorney would have discouraged or advised Hodges not to testify, nor does it appear that the postconviction court addressed this question.
"[T]o uphold the trial court's summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record." Lamb v. State , 202 So.3d 118, 120 (Fla. 5th DCA 2016) (quoting Foster v. State , 810 So.2d 910, 914 (Fla. 2002) ). On remand, the court shall either attach additional portions of the record that conclusively *460 negate ground four or hold an evidentiary hearing. See Harris v. State , 239 So.3d 791, 791 (Fla. 5th DCA 2018) (citing Simon , 47 So.3d at 886 ) (noting that an evidentiary hearing is usually necessary to determine whether counsel's tactical decision in advising a defendant not to testify is deficient).
AFFIRMED in part; REVERSED in part; REMANDED.
EDWARDS and EISNAUGLE, JJ., concur.