# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-5073
_____

JONATHAN HARTLEY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Duval County.
Marianne L. Aho, Judge.

July 10, 2019


PER CURIAM.

Jonathan Hartley was 15 years old when he took the life of a pizza delivery driver during a series of armed robberies. He ultimately entered a negotiated plea to second-degree murder, attempted armed robbery, and armed robbery. The court sentenced him to life in prison with a minimum mandatory term of 40 years for the second-degree murder, 15 years for the attempted armed robbery with a 15-year minimum mandatory term, and 20 years for the armed robbery.

After this court affirmed his convictions and sentences on direct appeal, Hartley filed pro se motions for postconviction relief under Florida Rule of Criminal Procedure 3.850 challenging his life sentence and asserting claims of ineffective assistance of trial

counsel. The court granted his motions in part—ordering resentencing for the second-degree murder based on *Miller v. Alabama*, 567 U.S. 460 (2012)—but denied his remaining claims without a hearing. This is Hartley's appeal from that order.

In his initial brief filed through appointed counsel, Hartley argues that the court erred in summarily denying his claims regarding counsel's failure to seek suppression of certain pretrial statements and the alleged failure to advise him regarding available defenses. We affirm the denial of the latter claim without comment but reverse and remand for further proceedings on the former.[1]

As to the suppression claim, Hartley alleged that his guilty plea was both involuntary and entered without the assistance of reasonably effective counsel because counsel did not challenge the admission of statements obtained in violation of his privilege against self-incrimination. He asserted that after he had invoked his right to remain silent and his right to counsel, law enforcement used his mother as their agent to interrogate and pressure him into making admissions without counsel being present. He argued that although counsel did file a motion to suppress his inculpatory statements, the motion failed to allege as a basis for suppression that he was interrogated after he had invoked his rights. The court summarily denied the claim as refuted by the record, relying on the motion to suppress and transcripts from the plea hearing.

However, a review of the motion to suppress reveals that it did not raise the legal theory advanced in Hartley's rule 3.850 motion. Nor was there any discussion during Hartley's plea colloquy on the motion to suppress or any advice given to him about the potential suppression of his statements. And the fact that he entered into the plea agreement did not negate the

---

[1] Hartley has abandoned the other claims in his motion by not raising them on appeal. *See Watson v. State*, 975 So. 2d 572, 573 (Fla. 1st DCA 2008) ("Traditionally, when a defendant submits a brief in an appeal from a summary denial of a postconviction motion, this Court may review only those arguments raised and fully addressed in the brief.").

possibility of ineffective assistance of counsel. *See MacKinnon v. State*, 39 So. 3d 537, 538 (Fla. 5th DCA 2010).

As conceded by the State in response to this court's *Toler*[2] order, the record on appeal does not conclusively refute Hartley's claim on the motion to suppress his inculpatory statements. Even so, this claim is facially insufficient and should have been dismissed. It is impossible to evaluate whether the claim would have presented a viable theory to support a motion to suppress based solely on the conclusory allegations that Hartley's mother acted as an agent of law enforcement at the time of the police interview. *See Floyd v. State*, 257 So. 3d 1148, 1152 (Fla. 1st DCA 2018) (concluding that a claim of ineffective assistance of counsel for failing to file a motion to suppress was facially insufficient where the defendant failed to allege any supporting facts to show that the evidence would have been subject to suppression). We therefore reverse the portion of the order that denied this claim as refuted by the record and remand for the court to provide Hartley with an opportunity to state a facially sufficient claim. *See Ferris v. State*, 996 So. 2d 228, 229 (Fla. 1st DCA 2008) (requiring an opportunity to amend because "[t]he trial court did not deny the claim on the basis of facial insufficiency, and, as such, the appellant could not have been aware of the application of *Spera* [*v. State*, 971 So. 2d 754 (Fla. 2007),] to this issue").

AFFIRMED in part and REVERSED and REMANDED in part for further proceedings.

RAY, C.J., and WETHERELL and BILBREY, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

---

[2] *Toler v. State*, 493 So. 2d 489 (Fla. 1st DCA 1986).

Andy Thomas, Public Defender, and Barbara J. Busharis, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.