# Third District Court of Appeal

## State of Florida

Opinion filed September 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0312
Lower Tribunal No. J24-1214
_____

**T.R., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Dawn Denaro, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Lourdes B. Fernandez, Assistant Attorney General, for appellee.

Before FERNANDEZ, MILLER, and BOKOR, JJ.

MILLER, J.

Appellant, T.R., a juvenile, challenges an order withholding adjudication of delinquency for battery, in violation of section 784.03(1)(a), Florida Statutes (2024), and placing him on supervision until he attains the age of nineteen. The sole issue on appeal is whether the trial court erred in allowing T.R.'s mother, the alleged victim, to testify that she believed certain houseguests who were present at the time of the incident were affiliated with a street gang. Under the unique circumstances of this case, we impute no abuse of discretion and affirm.

## BACKGROUND

On October 18, 2024, T.R.'s mother returned from running errands and discovered he was hosting several friends in the living room. T.R.'s mother was upset and emotional because she had previously prohibited T.R. from inviting certain individuals to their residence. T.R. and his guests retreated to his bedroom and T.R.'s mother followed, filming the group on her cell phone while she shouted at the guests and demanded to know why they were in the home. She also threatened to send everyone to jail.

A physical altercation between T.R. and his mother ensued. T.R.'s mother called 911, and T.R. was arrested and later charged by way of a delinquency petition with a single count of misdemeanor battery. The case

proceeded to a final adjudicatory hearing before the assigned delinquency judge.

The facts surrounding the altercation were sharply disputed at the hearing. T.R.'s mother attested on direct examination that she became "hysterical" upon arriving home because T.R.'s guests were "very bad people." She contended that after she began filming the group, her son placed her in a headlock and pushed her against a wall while his friends fled the residence. She offered her cell phone video and several photographs in support of her testimony.

When probed as to her disdain for her son's guests, T.R.'s mother stated she believed they were street gang members who self-described as "Red Flags" and wore red flags in their back pocket to demonstrate their affiliation. T.R.'s attorney objected. Observing that T.R.'s mother's comments were "just her personal opinion," the trial court overruled the objection.

The record reflects the following exchange on cross-examination:

QUESTION: When you say you're hysterical, what were you— describe that for us. What do you mean you were hysterical? Were you crying? Were you yelling?

ANSWER: I was irritated, shocked, and in disbelief.

QUESTION: So, you were in shock and disbelief that your teenage son would have friends over in his home?

3

ANSWER: Gang members.

* * *

QUESTION: So, your opinion of his friends [is] that they're gang members?

ANSWER: That's correct.

T.R., on the other hand, testified that he did not intentionally touch or strike his mother. Instead, he stated that he attempted to use his body as a barrier "boxing his mother out" from blocking his friends' only means of egress from the bedroom. He also asserted that his mother struck him repeatedly on the head.

Noting the dysfunctionality of the family dynamic, the trial court nonetheless found T.R.'s mother credible and determined her testimony was consistent with the other evidence. The court withheld adjudication of delinquency and placed T.R. on supervision until his nineteenth birthday. This appeal ensued.

## STANDARD OF REVIEW

A trial court enjoys broad discretion in admitting evidence. See State v. Martin, 277 So. 3d 265, 268 (Fla. 3d DCA 2019). Even so, the decision to admit evidence is necessarily constrained by precedent and the Florida

4

Rules of Evidence.  See Silver v. State, 278 So. 3d 337, 341 (Fla. 3d DCA 2019).

**LEGAL ANALYSIS**

It is axiomatic that evidence of gang affiliation must be closely scrutinized because it "can be inflammatory, with the danger being that it leads the [factfinder] to 'attach a propensity for committing crimes to defendants who are affiliated with gangs or that [the factfinder]'s negative feelings toward gangs will influence its verdict.'" United States v. Harris, 587 F.3d 861, 867 (7th Cir. 2009) (quoting United States v. Montgomery, 390 F.3d 1013, 1018 (7th Cir. 2004)).  The risk of prejudice is not limited to direct evidence of a defendant's membership.  Rather, "[g]uilt by association is a genuine concern whenever gang evidence is admitted."  Id. (quoting Montgomery, 390 F.3d at 1018).

Despite these perils, Florida courts have long recognized that "in some contexts, evidence of gang membership may be admissible." Reyes v. State, 783 So. 2d 1129, 1135 (Fla. 3d DCA 2001) (citing John E. Theuman, Admissibility of Evidence of Accused's Membership in Gang, 39 A.L.R. 4th 775 (1985) and Edward J. Imwinkelried et al., Courtroom Criminal Evidence § 907 (3d ed. 1998)).  Certain courts have noted that such evidence may be relevant "to explain . . . disputed or unclear issues" in a given case.  Id.

Others have similarly found that gang affiliation or prior acts testimony may be inextricably intertwined with a charged crime. See Hayes v. State, 338 So. 3d 1123, 1131–32 (Fla. 1st DCA 2022) (finding no error in admission of inextricably intertwined gang evidence); Laflipe v. State, 888 So. 2d 104, 105–06 (Fla. 3d DCA 2004) (holding trial court did not err in admitting gang evidence where it was relevant to prove motive for shooting); Millan v. State, 932 So. 2d 557, 558 (Fla. 3d DCA 2006) (finding trial court did not abuse its discretion in admitting evidence that defendant and codefendant were active members of Latin Kings gang to link them to carvings on victim's forehead); Cosme v. State, 89 So. 3d 1096, 1097 (Fla. 4th DCA 2012) (holding trial court did not err in admitting evidence of gang affiliation as relevant to consequences for disobeying orders).

Against this background, we examine the instant case. Casting aside any contention of invited error stemming from the cross-examination, the trial court's comments demonstrated it admitted the testimony for the limited purpose of establishing T.R.'s mother's subjective belief. Indeed, the court expressly disclaimed any factual significance in the testimony.

T.R.'s mother's subjective view placed her reaction—particularly the raw emotion depicted in the video clip—to what might otherwise appear to be a minor infraction of her parenting rules in context. The belief that T.R.'s

6

friends were affiliated with a gang was relevant to presenting "a complete and coherent narrative of what transpired, particularly from [her] perspective." <u>Paul v. State</u>, 407 So. 3d 468, 476 (Fla. 4th DCA 2025); <u>see also</u> <u>United States v. Quan</u>, 69 F. App'x 891, 892 (9th Cir. 2003) ("The victim's testimony regarding her fear and her belief Chang was a gang member was therefore relevant.").

Further, T.R.'s mother did not testify that she believed her son was involved in a gang. On the contrary, she stated she did not want her son to interact with these particular friends because they were "bad people." Hence, the trial court had no basis for imputing gang membership to T.R., and therefore there is no indication the probative value of the evidence was outweighed by unfair prejudice. Accordingly, we affirm the decision of the trial court.

Affirmed.