*470
 
 LaROSE, Judge.
 

 Alex Flint appeals an order summarily denying his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. Mr. Flint raised eight claims of ineffective assistance of trial counsel and a cumulative error claim. We affirm without comment the summary denial of claims 1 through 4 and claim 8. We reverse the summary denial of claims 5, 6, 7, and 9 and remand for the postconviction court to either attach portions of the record conclusively refuting those claims or to hold an evidentiary hearing.
 

 By way of background, we note that a jury convicted Mr. Flint of burglary of an occupied dwelling, a second-degree felony; two counts of felony battery, third-degree felonies; and one count of criminal mischief, a second-degree misdemeanor.
 
 See
 
 §§ 810.02(3)(a), 784.03(2), 806.13(l)(b)(l), Fla. Stat. (2006). The trial court sentenced him to fifteen years in prison as a habitual felony offender,
 
 see
 
 § 775.084(4)(a), Fla. Stat. (2006), for the burglary; it imposed five years’ imprisonment for the felony batteries and time served for the criminal mischief conviction. We affirmed Mr. Flint’s convictions and sentences on direct appeal.
 
 See Flint v. State,
 
 993 So.2d 525 (Fla. 2d DCA 2008) (table decision).
 

 In claim 5 of his postconviction motion, Mr. Flint asserted that trial counsel was ineffective for failing to object to the State’s query about the nature of his prior felony convictions for battery. When asked by the State how many times he had been convicted of a felony, Mr. Flint, testifying on his own behalf, responded,
 
 “I
 
 don’t know.” The State then presented a judgment and sentence for an aggravated battery conviction in 2001 and asked Mr. Flint about a second such conviction in 2002, exploring the details of both offenses. Mr. Flint testified that he did not commit those crimes but entered a plea in his best interest.
 

 According to Mr. Flint, the State impermissibly relied on the nature of the prior convictions to show bad character and propensity to commit crime. Mr. Flint also argued that the State’s questioning suggested that the victim of both aggravated batteries was the same when it was not. The postconviction court sum
 
 *471
 
 marily denied this claim. It concluded that the questioning was proper because Mr. Flint was not responsive when asked about the number of his prior felonies. This was error. The State could have shown that Mr. Flint had two prior felony convictions; the State could not ask about the nature of those convictions.
 
 See
 
 § 90.610(1), Fla. Stat. (2006);
 
 Smith v. State,
 
 7 So.3d 473, 500 (Fla.2009) (reiterating that questioning witness about nature and underlying facts of prior conviction of witness for impeachment purposes is not allowed);
 
 Rodriguez v. State,
 
 761 So.2d 381, 383 (Fla. 2d DCA 2000) (explaining that when witness admits convictions, trial court errs by allowing State to question witness about the specific convictions; even if witness denies being previously convicted of felony, trial court would err by permitting prosecutor to question witness about prior convictions and should limit prosecutor to impeaching witness by entering into record certified copies of pri- or convictions only; trial attorney’s failure to object to questioning fell below any standard of reasonable professional assistance);
 
 Britton v. State,
 
 604 So.2d 1288, 1291 (Fla. 2d DCA 1992) (holding that when witness answered question about number of convictions with an approximation, answer was not untruthful; State is not allowed to elicit answers from defendant about specific nature of prior convictions and is limited to introduction of records establishing prior convictions only). Claim 5 could show deficient performance by counsel sufficient to require relief, provided that Mr. Flint can also demonstrate prejudice.
 
 See Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Reversal and remand for further proceedings are necessary.
 

 Claim 6 concerns the same line of questioning addressed in claim 5. Mr. Flint contends that in questioning him, the State improperly emphasized that he just got out of prison, that he had previously beaten one of the victims, and that the victim feared him. Mr. Flint claims trial counsel was ineffective for not objecting. The postconviction court found the questioning proper as relevant to the victim’s state of mind at the time of the incident and to Mr. Flint’s inconsistent testimony. For the reasons expressed above as to claim 5, we conclude that the ruling on this claim must be reversed and reconsidered along with claim 5.
 

 Claim 7, too, is related to claims 5 and 6. Mr. Flint asserted that the State in closing improperly commented on and emphasized his character and his prior battery convictions. Mr. Flint contends that trial counsel should have objected. The postconviction court found that trial counsel was not ineffective. For the reasons previously expressed, this ruling also was error. Reversal and remand are needed.
 

 Claim 9 alleges cumulative error. The postconviction court summarily denied this claim. We also reverse this ruling. The postconviction court should reconsider claim 9 after it has resolved claims 5, 6, and 7. See
 
 Hempstead v. State,
 
 980 So.2d 1254, 1265 (Fla. 2d DCA 2008) (holding that reversal and remand on some claims required reversal of cumulative error claim and remand for postconviction court to consider it after court has resolved the remaining claims).
 

 Affirmed in part, reversed in part, and remanded with directions.
 

 CASANUEVA and WALLACE, JJ., Concur.