# Third District Court of Appeal

## State of Florida

Opinion filed February 25, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1205
Lower Tribunal No. 05-1086-K
_____

**David Randolph Blue,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Monroe County, Tegan Slaton, Judge.

David Randolph Blue, in proper person.

Pamela Jo Bondi, Attorney General, and Nikole Hiciano, Assistant Attorney General, for appellee.

Before SHEPHERD, C.J., and FERNANDEZ and LOGUE, JJ.

FERNANDEZ, J.

David Randolph Blue appeals the trial court's summary denial of his Florida

Rule of Criminal Procedure 3.850 motion for post-conviction relief alleging

ineffective assistance of trial counsel. We reverse and remand because the trial court failed to attach record support to conclusively refute Blue's claims, and Blue is entitled to amend his insufficiently pled claims.

In case number 2005-CF-1086, in the circuit court in and for Monroe County, the State charged Blue by amended information with nine counts of lewd and lascivious molestation, lewd and lascivious battery, and three counts of sexual battery. At trial, the jury found him guilty as charged. The court sentenced Blue to life imprisonment on three counts and lower sentences on the remaining counts. Blue appealed his conviction, and this Court per curiam affirmed in Blue v. State, 2012 WL 560894 (Fla. 3d DCA 2012).

Blue then filed a 3.850 motion for post-conviction relief, alleging six grounds of ineffective assistance of trial counsel. The trial court did not order the State to respond, and the trial court summarily denied Blue's motion. In its order, the trial court did not attach any portions of the record conclusively refuting Blue's claims. Blue moved for rehearing because he claimed that the issues he raised in his 3.850 motion were not raised in his direct appeal. The trial court denied the motion for rehearing, and Blue now appeals.

In its Answer Brief, the State concedes that the case should be remanded for either the trial court to attach the appropriate portions of the record showing that Blue is not entitled to relief or for the trial court to hold an evidentiary hearing.

We agree with the State that pursuant to Florida Rule of Appellate Procedure 9.141(b)(2)(D), the trial court was required to attach the portions of the record showing that Blue was not entitled to relief. See Wainwright v. State, 896 So. 2d 695, 698 (Fla. 2004) (noting that a defendant is entitled to an evidentiary hearing on a post-conviction relief claim unless the motion and record conclusively show that he or she is entitled to no relief or where the claim is legally insufficient).

In addition, we also agree with the State's concession that Blue should be given the opportunity to amend any insufficiently pled claims, pursuant to Spera v. State, 971 So. 2d 754, 761–62 (Fla. 2007). Accordingly, consistent with the State's response, we reverse and remand for the trial court to either: attach the appropriate portions of the record showing that Blue is not entitled to relief, hold an evidentiary hearing if necessary, and if appropriate, give Blue an opportunity to amend his insufficiently pled claims.

Reversed and remanded with instructions.