NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JULIO S. CENDEJAS,    )
                      )
        Appellant,    )
                      )
v.                    )    Case No. 2D16-5244
                      )
STATE OF FLORIDA,     )
                      )
        Appellee.     )
_____)

Opinion filed July 19, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for Polk
County; John K. Stargel, Judge.

Julio S. Cendejas, pro se.


LUCAS, Judge.

Julio Cendejas appeals an order summarily denying his motion for

postconviction relief, which he filed under Florida Rule of Criminal Procedure 3.850

following his guilty plea to several offenses.  We reverse the postconviction court's order

and remand for further proceedings.

In his motion, Mr. Cendejas raised three claims of ineffective assistance of

trial counsel and one claim of cumulative error based upon the cumulative effect of the

three ineffective assistance claims. In summarily denying relief on each of the ineffective assistance claims, the postconviction court relied upon the fact that Mr. Cendejas had entered into a guilty plea, thereby waiving certain rights, and upon various documents in the record to conclusively refute the allegations in his motion. However, the court failed to attach any record documents to its order. Our record consists of Mr. Cendejas' motion and the postconviction court's order.

Because the postconviction court failed to attach to its order those portions of the record which it found conclusively refuted the allegations of Mr. Cendejas' ineffective assistance claims, we must reverse the summary denial of those claims and remand for further proceedings. See Fla. R. App. P. 9.141(b)(2)(D). If the postconviction court again summarily denies those claims, it must attach the pertinent portions of the record that conclusively refute each claim or grant Mr. Cendejas an evidentiary hearing. See Fla. R. Crim. P. 3.850(f)(5), (8).[1] We also reverse the summary denial of the cumulative error claim, which the postconviction court must reconsider after it has resolved the ineffective assistance claims on remand. See Flint v. State, 84 So. 3d 469, 471 (Fla. 2d DCA 2012).

Reversed and remanded.

KHOUZAM and CRENSHAW, JJ., Concur.

---

[1]In claims one and three, Mr. Cendejas alleged that but for counsel's errors the outcome of the proceedings would have been different. Because Mr. Cendejas' motion appears to follow a guilty plea, he must demonstrate a reasonable probability that but for counsel's errors he would not have entered the plea and would have insisted on going to trial to be entitled to relief. See Hernandez v. State, 124 So. 3d 757, 762 (Fla. 2012). If appropriate, Mr. Cendejas should be given an opportunity to amend his claims to state a facially sufficient claim of prejudice. See Fla. R. Crim. P. 3.850(f)(3); see also Blue v. State, 159 So. 3d 242, 243 (Fla. 3d DCA 2015).