# Third District Court of Appeal

## State of Florida

Opinion filed December 13, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-606
Lower Tribunal No. 11-13229B

_____

**Arthur Debose,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Martin Zilber, Judge.

Arthur Debose, in proper person.

Pamela Jo Bondi, Attorney General, and Marlon J. Weiss, Assistant Attorney General, for appellee.

Before SUAREZ, LAGOA and SCALES, JJ.

*ON CONFESSION OF ERROR*

PER CURIAM.

Arthur Debose appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. For the following reasons, we reverse as to the denial of ground three of the instant motion alleging ineffective assistance of trial counsel. Finding no error as to the denial of the remaining claims of ineffective assistance raised therein, we affirm without discussion.

Debose was convicted and sentenced for one count of second degree murder and one count of unlawful possession of a firearm while engaged in a criminal offense. On direct appeal, this Court affirmed Debose's convictions and sentences without prejudice to Debose raising ineffective assistance of trial counsel in a timely rule 3.850 motion. See Debose v. State, 163 So. 3d 715 (Fla. 3d DCA 2015).

On September 6, 2016, Debose filed the instant rule 3.850 motion, later amended, raising therein what amounts to ten separate claims of ineffective assistance of trial counsel. After ordering a response from the State, the trial court entered an order denying all ten of the ineffective assistance claims, finding them to be either legally insufficient, not cognizable in a postconviction motion, or conclusively refuted by the record. Based on the record before us and the State's proper and commendable confession of error, we reverse as to the denial of ground three only.

In ground three, Debose claims that the general life sentences he received for his convictions for second degree murder and unlawful possession of a firearm while engaged in a criminal offense violate principles of double jeopardy. "The State cannot, consistent with double jeopardy principles, charge, convict and sentence a defendant with two substantive offenses for the single act of possession of one weapon." Williams v. State, 109 So. 3d 831, 832 (Fla. 3d DCA 2013). Because it does not appear on the record before us that Debose's conviction for unlawful possession of a firearm while engaged in a criminal offense was ever vacated, we agree with the State that the record does not conclusively refute this claim.[1]

We therefore remand for the trial court, with respect to ground three only, either to grant an evidentiary hearing or to attach the necessary portions of the record that conclusively show that Debose is not entitled to relief. We affirm the denial of the remainder of Debose's ineffective assistance of trial counsel claims without discussion.

Affirmed in part; reversed in part; remanded with instructions.

---

[1] To this, the State notes that Debose previously filed a motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800, raising this double jeopardy violation issue. The July 15, 2015 order denying Debose's rule 3.800 motion reflects that the trial court denied relief because the court had "suspended entry of [Debose's] sentence on count two, unlawful possession of a firearm while engaged in a criminal offense." We agree with the State the record before us does not demonstrate that the lower court entered an order "suspend[ing] entry" of Debose's sentence on count two.