# Third District Court of Appeal

## State of Florida

Opinion filed July 25, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2380
Lower Tribunal No. 14-483-A-K

_____

**Leroy Martin Jr.,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Leroy Martin Jr., in proper person.

Pamela Jo Bondi, Attorney General, and Michael W. Mervine, Assistant Attorney General, for appellee.

Before ROTHENBERG, C.J., and SUAREZ and LINDSEY, JJ.

PER CURIAM.

Leroy Martin appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. On July 10, 2014, the State charged Martin by Amended Information with one count of Sale of Cocaine within 1,000 feet of a Public Park or a Publicly Owned Recreational Facility and one count of Unlawful Use of a Two-Way Communication Device. Martin proceeded to trial and was found guilty as charged. This Court subsequently affirmed Martin's convictions and sentences. Martin v. State, 208 So. 3d 714 (Fla. 3d DCA 2016).

On April 5, 2017, Martin filed a Rule 3.850 motion for post-conviction relief in the trial court asserting five separate claims of ineffective assistance of trial counsel. On June 29, 2017, the State filed a response to Martin's post-conviction motion but did not attach any exhibits refuting Martin's claims. The trial court issued an order denying Martin's post-conviction motion on October 15, 2017 and attached a map depicting the location of the offense as well as an excerpt from the trial transcript concerning law enforcement testimony on the location of the crime.

Martin filed a timely Notice of Appeal and this Court ordered the State to respond. The State conceded in its response that the trial court erred by summarily denying Martin's Rule 3.850 motion because the two exhibits attached to the denial order do not conclusively refute Martin's ineffective assistance of counsel claims. As such, the State requests that this Court reverse and remand with

2

instructions for the trial court to either attach portions of the record that conclusively refute Martin's claims or hold an evidentiary hearing.

Based on the record before us, we reverse and remand for the trial court to either grant an evidentiary hearing or attach portions of the record that conclusively refute Martin's claims for ineffective assistance of trial counsel. See Debose v. State, 237 So. 3d 1059, 1060 (Fla. 3d DCA 2017) (reversing portion of the trial court's order denying defendant's ineffective assistance of trial counsel claim and remanding for the trial court to "either grant an evidentiary hearing or to attach the necessary portions of the record that conclusively show that [defendant] is not entitled to relief.").

Reversed and remanded.