HARRIS, J.
Appellant, Jesus M. Batista-Irizarry, appeals an order summarily denying his pro se motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant raised six claims for postconviction relief, including a cumulative error claim. We affirm without further comment the summary denial of claims 1, 2, and 5, but for the reasons set forth below, we reverse the summary denial of claims 3 sub-claim 1, 4, and 6 and remand for further proceedings.
Following a jury trial, Appellant was convicted of trafficking in 28 grams or more of cocaine and possession of drug paraphernalia. He was sentenced to five years in prison, followed by two years of community control, eight years of probation for the trafficking conviction, and time served for the paraphernalia conviction. This Court affirmed Appellant's direct appeal. See Batista-Irizarry v. State, 183 So.3d 366 (Fla. 5th DCA 2015). Appellant subsequently filed the instant rule 3.850 motion. He now appeals the trial court's summary denial all of his claims for relief.
"A motion for post-conviction relief can be denied without an evidentiary hearing when the motion and record conclusively demonstrate that the movant is entitled to no relief." Kennedy v. State, 547 So.2d 912, 913 (Fla. 1989). "To uphold the trial court's summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record." Kimbrough v. State, 886 So.2d 965, 981 (Fla. 2004). "When reviewing a court's summary denial of a Rule 3.850 motion for postconviction relief, the court must accept the movant's factual allegations as true to the extent they are not refuted by the record." Franqui v. State, 59 So.3d 82, 96 (Fla. 2011).
In claim 3 sub-claim 1 of his motion, Appellant alleged that his attorney failed to convey a favorable plea offer to him.[1] The failure of counsel to convey a plea offer may constitute ineffective assistance of trial counsel. See Young v. State, 608 So.2d 111 (Fla. 5th DCA 1992). Appellant, who can neither speak nor read English, relied on his attorney to convey all plea offers to him. However, he claimed that his attorney never conveyed the three-year plea offer that his wife allegedly discovered when reviewing his legal paperwork. He argues that had his attorney informed him of the plea offer he would have accepted it, the State would not have withdrawn it, he would have received a *257 lesser sentence, and the trial court would have accepted it. Therefore, his claim meets the requirements of Alcorn v. State, 121 So.3d 419, 430 (Fla. 2013) ("[T]o establish prejudice, the defendant must allege and prove a reasonable probability ... that (1) he or she would have accepted the offer had counsel advised the defendant correctly, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.").
The trial court denied this sub-claim, finding that the State did not make a three-year offer and attached portions of a pretrial hearing transcript to its order. However, the court's record attachments do not support this finding. The records reflect that during a bench conference, the State advised the judge, "Your Honor, the-the defendant scores 42 months DOC, a three-year minimum mandatory. I believe the offer from the last pretrial from me was five years. If he wants to plea to five years, the State will let him plea to five years ...." Even though this suggests the State made a five-year plea offer, it does not refute Appellant's contention that the State also made a three-year offer. Because there was no evidentiary hearing, this Court must accept Appellant's factual allegations as true unless the record conclusively refutes them. See Kimbrough, 886 So.2d at 981. We, therefore, reverse the order as to claim 3 sub-claim 1 and remand for the trial court to attach records that conclusively refute the claim or to hold an evidentiary hearing.
In claim 4 of his motion, Appellant alleged that his trial counsel's misadvice caused him to forgo a favorable plea offer. Appellant contended that he did not want to go to trial, but his attorney advised him that the State had a weak case. Appellant further asserted that his attorney assured him that counsel would get the charges dismissed and instructed Appellant to say nothing. Appellant contended that, but for his attorney's erroneous advice, he would have accepted the five-year plea offer.
Contrary to the trial court's finding on this claim, Appellant neither alleged that he was not informed of the plea offer nor that he failed to discuss the plea offer with counsel. Rather, he alleged that he rejected the favorable plea offer based on his attorney's erroneous advice. "A claim that misinformation supplied by counsel induced a defendant to reject a favorable plea offer can constitute an actionable ineffective assistance of counsel claim." Hauter v. State, 206 So.3d 839, 840 (Fla. 5th DCA 2016) (citations omitted). However, to have a viable claim that counsel's erroneous advice caused a defendant to reject a favorable plea, the movant must allege some specific deficiency on the part of counsel that demonstrates his counsel's advice or assessment was unreasonable. Drakus v. State, 219 So.3d 979, 982 (Fla. 1st DCA 2017). In his motion, Appellant failed to allege any facts that would demonstrate that his attorney's assessment of the State's case was "weak" or that counsel's assurance that he could "get the charges dismissed" was unreasonable. Because Appellant's timely claim was insufficiently pled, he was entitled to at least one opportunity to amend. See Fla. R. Crim. P. 3.850(f)(2) ; see also Spera v. State, 971 So.2d 754, 761 (Fla. 2007). Accordingly, we reverse and remand the trial court's denial of claim 4 for the court to allow Appellant the opportunity to amend.
Finally, in claim 6, Appellant alleged that his trial counsel committed cumulative error during the trial, arguing that the independent claims set forth above entitled him to the relief sought.
*258 Because the court erred in summarily denying claims 3 and 4, claim 6 must be reversed and remanded as well. See Flint v. State, 84 So.3d 469, 471 (Fla. 2d DCA 2012) ; Hempstead v. State, 980 So.2d 1254, 1265 (Fla. 2d DCA 2008) (both holding that reversal and remand on some claims required reversal of cumulative error claim and remand for post conviction court to consider it after court has resolved remaining claims). Accordingly, we reverse and remand for the postconviction court to reconsider claim 6 after it reassesses claim 3 sub-claim 1 and claim 4.
AFFIRMED in part; REVERSED in part; REMANDED with instructions
EVANDER, C.J. and ORFINGER, J., concur.

There are two other sub-claims to claim 3. Because Appellant failed to demonstrate entitlement to relief on those claims, we affirm the summary denial as to sub-claims 2 and 3 of claim 3 without further discussion.