SASSO, J.
Heath Lee Helvey appeals the orders denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse the summary denial of grounds four (d), five, and six. In all other respects, we affirm.
Appellant was charged with first-degree murder with a weapon, dealing in stolen property, and receiving money from a pawnbroker by false verification of ownership or identification. The jury found Appellant guilty on all counts. In ground four (d) of his postconviction motion, Appellant argued that counsel was ineffective for failing to challenge "numerous" Giglio[1] violations. This allegation was based on Appellant's assertion that the State knowingly presented false testimony through its key witness. Appellant's allegations, accepted as true, constitute a facially sufficient claim for ineffective assistance of counsel. See, e.g. , Hernandez v. State , 180 So.3d 978, 993-94 (Fla. 2015). While we agree with the postconviction court that inconsistencies between witnesses is not the equivalent of a Giglio violation, no attachments were included to support this determination and the record does not conclusively refute Appellant's allegations.
Likewise, Appellant states a facially sufficient claim in ground five, alleging that counsel was ineffective in misadvising him with respect to the inference applicable to being in possession of stolen property without a satisfactory explanation and with respect to what the jury would learn about his prior criminal history if he testified. We cannot agree with the postconviction court that counsel could not be expected to predict the use of the inference instruction, especially where the record reflects counsel stated he knew of the standard instruction and did not object to its use. The record does not conclusively refute Appellant's allegations as to this aspect of ground five. The record also does not refute Appellant's allegation his counsel misadvised him that if he testified, the jury would learn the nature of his prior convictions. See, e.g. , Askew v. State , 265 So.3d 693, 693-94 (Fla. 1st DCA 2019) (reversing summary denial of ineffective assistance claim "that defense counsel was ineffective for misadvising [the defendant] that if he testified at trial, the jury would automatically learn the nature of his past crimes and the State could go into the specifics of his prior record on cross-examination"
*1277 because "this was a facially sufficient claim").
Finally, because we reverse and remand grounds four (d) and five, we also reverse and remand ground six, Appellant's cumulative error claim. See, e.g. , Batista-Irizarry v. State , 266 So.3d 254, 258 (Fla. 5th DCA 2019) (reversal and remand on some claims requires reversal of cumulative error claim). On remand, the postconviction court shall attach records that conclusively refute the claims or hold an evidentiary hearing.
AFFIRMED in part; REVERSED in part; and REMANDED with instructions.
WALLIS and LAMBERT, JJ., concur.

Giglio v. United States , 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).