# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-0875
LT Case No. 2019-CF-004011

_____

CHRISTIAN J. VILLALBA-SANTOS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


3.850 Appeal from the Circuit Court for Marion County.
Lisa D. Herndon, Judge.

Christian J. Villalba-Santos, Monticello, pro se.

No Appearance for Appellee.


November 22, 2024


PER CURIAM.

Christian J. Villalba-Santos appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion challenging his convictions of battery with a firearm and battery. We reverse as to Grounds 6, 7, and 11, and otherwise affirm.

In Ground 6, Villalba-Santos alleged counsel was ineffective for failing to pursue and file a mental health evaluation with the

trial court. Because Villalba-Santos did not allege that he was, in fact, incompetent to stand trial, the claim was legally insufficient. However, the trial court should have provided him an opportunity to amend this claim. *See Lamb v. State*, 202 So. 3d 118, 120 (Fla. 5th DCA 2016) ("A defendant who has filed a legally insufficient rule 3.850 motion must be given at least one opportunity to correct the deficiency, unless it is apparent that the defect cannot be corrected."). Accordingly, we reverse and remand Ground 6 to allow Villalba-Santos one opportunity to amend the claim.

In Ground 7, Villalba-Santos alleged counsel was ineffective for failing to call a firearms expert witness to rebut the State's expert's opinion that it was impossible for the firearm to accidentally discharge. The trial court denied the claim as speculative. The trial court, however, did not give him an opportunity to amend the claim to allege the substance of an expert's testimony and how that omitted testimony prejudiced him. *See Nelson v. State*, 875 So. 2d 579, 583 (Fla. 2004). Therefore, we also reverse and remand Ground 7 to allow Villalba-Santos an opportunity to amend the claim.

In Ground 11, Villalba-Santos argued cumulative error. We reverse and remand the summary denial of this claim for the trial court's consideration after it reassesses Grounds 6 and 7. *See Batista–Irizarry v. State*, 266 So. 3d 254, 258 (Fla. 5th DCA 2019).

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

MAKAR, JAY, and KILBANE, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____