# Third District Court of Appeal

## State of Florida

Opinion filed April 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0981
Lower Tribunal No. F14-27980
_____


**Maurice Talley,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Teresa Pooler, Judge.

Rier Jordan, P.A., and Jonathan E. Jordan, for appellant.

James Uthmeier, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.


Before EMAS, SCALES and GORDO, JJ.

EMAS, J.

In 2016, Maurice Talley was tried for and convicted of first-degree murder. He was sentenced to life in prison, and his judgment and sentence were affirmed on appeal. Talley v. State, 260 So. 3d 562 (Fla. 3d DCA 2019). In December 2020, Talley filed a timely pro se motion for postconviction relief. Talley later retained postconviction counsel who, in 2023, adopted Talley's pro se motion. For our purposes, the motion alleged the following claims of ineffective assistance of trial counsel:

1. Counsel failed to secure an expert defense witness to explain the impact of paranoid schizophrenia suffered by State witness Tracy Tyler on Tyler's ability to both correctly perceive events and to explain her observations;

2. Counsel failed to present an alibi witness, Coraline Ellena Allen, who, when interviewed by police, indicated that Appellant had been in her presence on the date of the charged crimes;

3. Counsel failed to effectively prepare grounds for attacking the credibility of State witness Tracy Tyler through either a defense mental health expert or an expert on the effect of alcohol consumption at the time of Tyler's observations on the date of the charged offenses;

4. Counsel failed to effectively impeach Tyler's trial testimony with inconsistent pretrial statements;

5. Counsel acted ineffectively in failing to investigate or present as defense witnesses (Angel Ivory[1] and Nakisha Westbrooks) who lived near the shooting scene, yet failed to identify Appellant as the gunman; and

6. Counsel was ineffective in failing to object when the trial prosecutor alleged in closing argument that Appellant shot the victim after "getting punked" by the victim purchasing liquor rather than repaying a debt owed to Appellant.[2]

The State filed a response and the trial court denied, without an evidentiary hearing, each of Appellant's six claims. This appeal followed.

We reverse and remand the trial court's order, because it failed to comply with the procedures established by Florida Rule of Criminal Procedure 3.850(f).

As to Claims Two (Failure to Present Alibi Witness for the Defense); Three (Failure to Investigate Tracy Tyler Through Use of an Expert); Four (Failure to Impeach Tracy Tyler); and Five (Failure to Present Nakisha Westbrooks as a Defense Witness) the trial court summarily denied these

---

[1] During the proceedings below, Appellant's postconviction counsel withdrew the claim as to witness Ivory, but continued to pursue the claim as to witness Westbrooks.

[2] During the proceedings below, Appellant's postconviction counsel withdrew a claim alleging trial counsel "instructed the defendant not to testify in his own behalf."

four claims as insufficient on their face. However, the trial court failed to provide Appellant with an opportunity to amend the motion to plead a legally sufficient claim, as required. See Fla. R. Crim. P. 3.850(f)(2) ("If the motion is insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion."); see also Spera v. State, 971 So. 2d 754, 761 (Fla. 2007) (case serving as the impetus for the Court's adoption of current rule 3.850(f), resolving conflict among the district courts, and holding that "when a defendant's initial rule 3.850 motion for postconviction relief is determined to be legally insufficient for failure to meet either the rule's or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion.").

We reverse and remand for the trial court to issue an amended, nonfinal order allowing Appellant 60 days to amend Claims Two, Three, Four and Five. If Appellant's claims, as amended, remain legally insufficient, or if Appellant fails to timely amend, the trial court may permit an additional opportunity to amend, or may enter a final order summarily denying with prejudice those insufficiently pled claims. See Fla. R. Crim. P. 3.850(f)(2). If an amended pleading is filed and those claims are sufficiently pled, the trial court shall either conduct an evidentiary hearing or enter an order denying

4

the claims and attaching those portions of the record that conclusively show defendant is not entitled to relief on those claims.  See Fla. R. Crim. P. 3.850(f)(4) ("A copy of that portion of the files and records in the case that conclusively shows that the defendant is not entitled to relief as to 1 or more claims shall be attached to the order summarily denying these claims."); Blue v. State, 159 So. 3d 242 (Fla. 3d DCA 2015) (reversing and remanding for the trial court to either attach the appropriate portions of the record conclusively showing appellant is not entitled to relief, or to hold an evidentiary hearing if necessary, and if appropriate, give appellant an opportunity to amend his insufficiently pled claims).

As to Claims One (Failure to Secure an Expert Witness) and Six (Failure to Object to Improper Closing Argument) the trial court's order analyzed these claims and cited to portions of the trial testimony (as well as to trial counsels' arguments).  However, the order failed to attach those files and records relied upon for its summary denial of these claims.  As to these two claims, we reverse and remand for the trial court to either enter an amended order attaching those portions of the files and records that conclusively show Appellant is entitled to no relief, or hold an evidentiary

hearing.[3] <u>See</u> Fla. R. Crim. P. 3.850(f)(4) ("A copy of that portion of the files and records in the case that conclusively shows that the defendant is not entitled to relief as to 1 or more claims shall be attached to the order summarily denying these claims."); Fla. R. App. P. 9.141(b)(2)(D) ("On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order must be reversed and the cause remanded for an evidentiary hearing or other appropriate relief."); <u>Debose v. State</u>, 237 So. 3d 1059, 1060 (Fla. 3d DCA 2017) (reversing portion of the trial court's order denying defendant's ineffective assistance of trial counsel claim and remanding for the trial court to "either grant an evidentiary hearing or to attach the necessary portions of the record that conclusively show that [defendant] is not entitled to relief.").

Reversed and remanded with directions.

---

[3] To avoid rendering two separate final orders, the trial court should not issue a final order on Claims One and Six until Appellant has had the opportunity to amend Claims Two, Three, Four and Five to state legally sufficient claims. Following additional proceedings as may be appropriate, the trial court can then issue a single, final appealable order addressing all six claims.